IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-CR-36-GPG-CMC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JASON KETZNER,

    Defendant.

## DEFENDANT'S CONDITIONAL PLEA OF GUILTY WITHOUT A PLEA AGREEMENT

Mr. Jason Ketzner, through CJA counsel Barrett Weisz, submits the following Conditional Plea of Guilty Without a Plea Agreement.

### PLEA OF GUILTY

Mr. Ketzner intends to plead guilty to the Indictment which charges him with a violation of 18 U.S.C. § 922(g)(1), without a plea agreement. Mr. Ketzner seeks to enter a conditional plea under Fed. R. Crim. P. 11(a)(2), reserving the right to have an appellate court review the denial of his Motion to Dismiss the Indictment. [ECF 27]. The Government consents to Mr. Ketzner entering a conditional plea.

### ELEMENTS OF THE OFFENSE

The elements of the offense to which Mr. Ketzner will plead guilty are as follows:

*First*: Mr. Ketzner knowingly possessed a firearm or ammunition;



Exhibit 1

1

*Second*: Mr. Ketzner was previously convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm or ammunition;

*Third*: At the time he possessed the firearm or ammunition, Mr. Ketzner knew that he had been convicted of such an offense; and

*Fourth*: Before Mr. Ketzner possessed the firearm or ammunition, the firearm or ammunition had moved at some time from one state to another.

## STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. §§ 922(g)(1) is not more than 10 years of imprisonment; not more than a $250,000 fine, or both; not more than 3 years of supervised release; and a $100 special assessment fee. If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## FACTUAL BASIS TO SUPPORT THE PLEA OF GUILTY

Mr. Ketzner admits the following: Prior to November 2020, Mr. Ketzner had been convicted of at least one felony offense. Accordingly, at all times relevant to this plea agreement, Mr. Ketzner knew he was a felony and could not lawfully possess firearms.

2

On November 1, 2020, law enforcement searched a white camper trailer that belonged to Mr. Ketzner parked on property in Archuleta County, Colorado. In the trailer, law enforcement found the following:

- A Walther model P1 9mm pistol bearing serial number 247716, a firearm;
- A Glock model 21Gen4 .45 caliber pistol bearing serial number SAU498, a firearm;
- A Harrington and Richardson Arms CO model Bay State, 12-gauge shotgun bearing serial number A922569, a firearm;
- An Izhmash model Saiga 12, 12-gauge shotgun bearing serial number 08442229, a firearm;
- A Norinco model SKS, 7.62x39 caliber rifle bearing serial number 24090463P, a firearm;
- A Ruger model Mini 14, .223 caliber rifle bearing serial number 181-81676, a firearm;

The Harrington and Richardson Arms CO 12-gauge short barrel shotgun has an overall length of approximately 16.5 inches; the barrel of the firearm is approximately 9.5 inches. None of the firearms were originally manufactured in Colorado and thus, at some point prior to November 1, 2020, had traveled in interstate and/or foreign commerce.

## ADVISORY GUIDELINE COMPUTATION

The imposition of a sentence is governed by 18 U.S.C. §3553, and the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. To

3

aid the Court in this regard, Mr. Ketzner sets forth below his estimate of the advisory guideline range called for by the United States Sentencing Guidelines.

**I.    Offense Level** (The applicable offense guideline is U.S.S.G. § 2K2.1)

A. The base offense level is **18** because the Harrington and Richardson Arms CO 12-gauge short barrel shotgun has an overall length of approximately 16.5 inches and the barrel of the firearm is approximately 9.5 inches. § 2K2.1(a)(5).

B. Mr. Ketzner should receive a **2-level** increase because he possessed between 3 and 7 firearms. §2K2.1(b)(1)(A).

C. No victim-related, role-in-offense, obstruction and/or multiple count adjustments apply.

D. The adjusted offense level therefore would be **20**.

E. Mr. Ketzner should receive a **3**-level adjustment for acceptance of responsibility under U.S.S.G. 3E1.1(a) and (b).

F. The total offense level would therefore be **17**.

**II.    Criminal History Category**

G. Mr. Ketzner understands that his criminal history computation is tentative. The criminal history category is determined by the Court based on Mr. Ketzner's prior convictions. Based on information currently available, it appears that Mr. Ketzner's criminal history category would be **V**.

H. Mr. Ketzner does not qualify as an armed career criminal, 18 U.S.C. §924(e), and the corresponding adjustments in U.S.S.G. § 4B1.1, do not apply.

**III.    Imprisonment**

4

**I.** The advisory guideline range of imprisonment resulting from an offense level of 17 and criminal history category of **V** is **46 to 57** months. However, the imprisonment range could be from 24 months (bottom of CHC I) to 63 months (top of CHC V).

### IV. Fine

**J.** Pursuant to U.S.S.G. § 5E1.2, assuming an estimated offense level of 17, the fine range for this offense would be **$10,000** to **$95,000**, plus applicable interest and penalties.

### V. Supervised Release

**K.** The guideline range of supervised release under U.S.S.G. § 5D1.2(a)(2) is at least 1 year and not more than 3 years.

Mr. Ketzner understands that although the Court will consider the foregoing estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by estimate herein.

No estimate regarding the guideline range precludes Mr. Ketzner from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if he believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate regarding the guideline range precludes Mr. Ketzner from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

Mr. Ketzner understands that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems

appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## DEFENDANT'S UNDERSTANDING

This document states Mr. Ketzner's entire understanding since there is no plea agreement in this case.

Dated this 9th day of Sept, 2024.

**JASON KETZNER**
**Defendant**

Dated this 9th day of September, 2024.

**BARRETT WEISZ**
**Attorney for Defendant**

6